May it please the court and counsel, we're asking your honors to vacate Francis Stricker's conviction because the district court erred by instructing the jury that simple assault was a lesser included offense of the felony charge assault by striking, I'm sorry, assault by strangulation or suffocation. If we agree with you counsel, what happens next? Well, the conviction is vacated and that's what we know for sure. That's why I asked the question because what's after that is not obvious to me and I assume you've thought about it a lot. At that point, I mean, the government could choose to charge him with a crime. They could not charge him with the assault by strangulation or suffocation. So double jeopardy would apply to that? Yes. And why he's now been acquitted of a charge or he's a conviction on a charge the government never made has been vacated hypothetically now, can they charge him again? If they choose to do so. What's your position on that? If they choose to charge him, they possibly could do that if they want to do that. Okay. In order to constitute a lesser included offense, the lesser offense must have all of its elements subsumed by the elements of the greater offense. But that wasn't the case here. That's because simple assault can be committed by an actual battery, an attempted battery, or a threatened battery. Whereas on the other hand, the felony charge can only be committed by an actual battery or an attempted battery in the form of actual or suffocation. So for that reason, the simple assault misdemeanor, because it can be committed by a threat of battery, the elements of that offense are broader than the elements of the felony charge. And the instruction was therefore erroneous. Now, let me ask you a question on whether, I know there was an objection for the record to any lesser included offense, but then there was an acceptance of the lesser included charge as written. It seems to me that the assault element part of the charge of both the greater and lesser included offense could have been pared down from the Eighth Circuit norm to the facts of this case in a way in which there would not be the over breadth that's the basis of your argument. In other words, take away the fear element, the breadth of the assault instruction that was given as to both charges. So why isn't the failure to raise that a failure to preserve the issue you're arguing? Your Honor, the failure to object to the definition of assault in both of the relevant instructions does not foreclose reversal here. And the reason is that the district court- No, I'm talking, but why doesn't it make this plain error? It doesn't make it plain error because of how the district court defined assault by strangulation or suffocation. The district court in its instructions tracked the language of the statute and explicitly set out the definitions of strangulation and suffocation. And in that instruction, it required actual or attempted strangulation or suffocation. So it required actual or attempted battery. The language in the felony instruction- Am I not making myself clear? The assault definition could have been modified to fit the facts of the case and remain identical with respect to the two charges without creating a broader assault without taking care of your problem. The jury could only convict of the simple assault if there was the bodily contact of some kind, which is obviously inherent, as you argue, to strangulation. All you have to do is, I guess the Eighth Circuit thing is like common law assault, and it's very broad, and it doesn't fit the facts of every case, and the district court has discretion to shape the instruction to fit the case. And when you're, when you're, whoever tried the case for the defense said, yeah, this is, if you're going to that way, this is the way to, you know, I prefer this lesser included offense, then counsel should have gotten the court to conform the assault definition to fit this lesser included and greater included offenses. Your Honor, that could have been The district court did require actual or attempted battery for the felony, not for the misdemeanor, and the district court also explicitly addressed the issue that we're arguing on appeal. Wait, you're saying attempt wasn't, instruction seven didn't carry over to instruction eight? It did, and instruction eight itself required actual or attempted battery because of the definition of strangulation or suffocation. Wait, I thought six was strangulation and eight was sentence. Oh, yeah, yeah, that's correct. I apologize, Your Honor. And the district court considered the exact issue that we're arguing here. It stated on transcript page 293, addendum page eight, that the felony charge, quote, would have to involve a physical contact or at least an attempt to actually physically contact an individual. And the court stated at transcript page 294, addendum page nine, that simple assault, quote, can occur by threat of injury without there actually being physical contact. So the court stated the issue that we're arguing here, and Your Honors, the defense did not invite the error here because the defense objected to the giving of a lesser included offense. My question wasn't invited error, but my related question is, why doesn't instruction seven eliminate what you claim is the overlap? Instruction seven permitted conviction for the strangulation charge in the indictment without bodily contact, didn't it? The attempt language, I mean, it did apply to, as far as I can tell, both of the greater offense and the lesser offense, but the lesser offense permitted conviction for a threat of battery. It didn't, the instruction number seven didn't require an attempt. And Your Honors, I would reserve the remainder of my time for rebuttal if I may. Well, I have a question first. Let me try another way on this procedural question. What was the stated basis for objecting to a lesser included instruction? Trial counsel did not state a basis for objecting to, he objected to any lesser included offense. He did not say why explicitly. The indication of a, the, okay. So that was my question. Did he give a reason for the objection? You're saying no. So the question then is not invited error, but why isn't there a forfeiture of the argument you're raising on appeal such that he would review only to see if there was a plain error, not de novo. Do you want to address why there is an forfeiture given that the only objection was to any lesser included without giving any reason for the objection? And then counsel said, if you're going to give one, we agree the assault, simple assault is the right one. Why isn't that at least a forfeiture of what you're arguing on appeal? Your Honor, it's not a forfeiture because the district court explicitly itself preserved the issue for appeal by deciding whether simple assault was a lesser included offense of the felony. And in so doing it explicitly considered the issue that we're arguing here, the elemental mismatch based on the quotes that I gave earlier. But the district court doesn't preserve objections by making rulings, as I understand it, parties objections. Typically, yes, Your Honor. I would rely on an Eighth Circuit case, United States versus Ramos. That's from 2017, 852 F.3D 747 at pages 752 to 753. In that case, this court did hold that a district court itself preserved an error for review by ruling on it. I see. All right. We'll take a look at that. Thank you. You're welcome. Thank you, Your Honors. Very good. Mr. Colliner. Good morning, Your Honors. I'm Kevin Colliner from the U.S. Attorney's Office in South Dakota. I'm appearing for the government. We are asking the court to affirm the simple assault conviction in this case. In my view, there's two questions before the court. First, whether the argument now made on appeal was waived or forfeited. And second, whether simple assault is an appropriate lesser included offense. As the court has asked about the waiver question, I'll go straight to that. You know, as to the record on what we've called waiver, what we have here is not an uncommon trial situation. The question of whether to give any lesser included at all arose when the final instructions were being settled. And one side here, the defense, objected to any lesser included being given at all. There was not a legal reason given for that objection. It appears that was simply a strategic choice. Counsel indicated he wanted to speak with his client. Then he returned to tell the court that he wanted no lesser included at all. Essentially, they felt it best to go all or nothing before the jury on the charge of defense, not give them a lesser option. And so that question, whether it was appropriate to give any lesser, whether it was inappropriate to give any lesser included at all, that's not what's being argued about in this court's ultimate decision to go with simple assault as the lesser included for 113AA. And the record of how the court chose simple assault is more complicated, and it's where we believe the waiver occurred. The parties discussed first what became final instruction number six, which is the elements instruction for the charge of defense. That's at about trial transcript 289. It was the Eighth Circuit model instruction for 113AA that was used, and that defines assault verbatim to how simple assault is defined in the model instructions. So there was a discussion about modifying that model instruction to further define attempt. And defense counsel resisted that effort to include more attempt language and argued that the model instruction was appropriate. In other words, arguing for the instruction that included the simple assault definition for 113AA. The district court agreed with defense counsel, and defense counsel further stated that there was no objection to the model instruction including that simple assault definition of assault. So then the government later requests the lesser included of striking, beating, and Now we're about page 292 of the trial transcript. The district court reasoned, as the defense is now on appeal, that 113AA generally requires some physical contact. But defense counsel pressed back, ultimately telling the court, and here's a quote, and so the defense's position, if the court were to give a lesser included, that simple assault would be the appropriate lesser, end quote. That's trial transcript page 295. Ultimately, the court agreed with defense counsel, decided to go with simple assault, commenting that it was siding with defense on that. Oh no, the court had already, that's wrong. As I read the transcript, the court had already put before counsel the way it was going to do it. The court at that point was going with striking, beating, and wounding. No, I thought the proposed instruction after the break was instruction eight. The government said this is fine with us, though we would have preferred striking and beating. And then defense counsel says, well, I object to any lesser included, but if you're going to point to two points at which defense counsel says that their position is that simple assault is the appropriate lesser included offense. One is that... Oh, the initial. The initial is, that's not what I'm talking about. He said that initial, when the court first raised the issue, and noted the two possibilities, and the government said we like the tougher one, defense counsel said we like the easier one, big surprise. And then everybody retires to take, to decide their positions. Right. And then when the court is then settling the instruction, having announced that it's going to go with the government's view of striking, beating, and wounding, the court recesses for a moment to finalize the instruction, comes back and says, you know, as I thought about this more, I'm going to side with what the defense thinks is appropriate and go with simple assault. And there again... My reading is that the court then put that instruction proposal on the table. Well, at that point, the court was announcing what the final instructions were going to be. So it was at the point at which the court had gone back, having ruled that striking, beating, and wounding was appropriate, the court changed its mind. And there again, the defense counsel said that they believe that that was the appropriate lesser included. Still making the general... Do you think that there is any overbreadth here, even assuming this is properly preserved since number six refers to attempt or threat? Does that track eight then? And so that there isn't an overbreadth problem? I don't think there is. And here's the reason, your honor, because there's also an issue going on with the statute itself that's not really being discussed here, which is that unlike the other subsections of the assault statute, 113A8 includes within its terms that it can be committed by an attempt. That's how Congress wrote it. That's how it was charged here. That's how the jury was instructed about the proof required for an attempt defense. And so the simple reality is that the charge defense here can be proved without showing actual physical contact. Whatever the... Well, but I thought the claim of overbreadth on the lesser included wasn't the attempt part. It was the threat of injury part. Well, I guess, and I think the two dovetail together in the sense that, you know, simple assault can be proven, at least element one of simple assault can be proven by one of two means, either physical contact or some sort of threat placing someone in imminent fear. And so 113A8, distinct among the assault subsections, has within it the possibility that it can be violated through an attempt. Now, I don't know what an attempt means. It can be any variety of things in this context, but certainly one possibility is that it means something that does not involve physical contact. For instance, if, you know, because it requires some strangulation, if an assailant runs at someone arms outstretched, saying they're going to choke them, and at the final moment they're tackled and there's no physical contact, that would both be 113A8, an attempted strangulation, substantial steps taken, and it would also be a simple assault under the no contact version of simple assault. And by the way, that's just not an academic point here. It's precisely what led the district court to choose simple assault over striking, beating, and wounding. As the court said, and this is at 307 to 308 of the trial transcript, when it started crafting that striking, beating, and wounding, lesser included, it noticed that assault is defined in the model instruction differently. It, you know, the striking, beating, and wounding only includes harmful and offensive touching. There must be physical contact. So the court comes back and says, and I quote, that made me, made the court think a bit more about the argument of the attempt and the defendant possibly being guilty based on an attempt, end quote. So the court is reasoning that at least in that scenario, in the scenario before the court here, it was possible the jury could find Mr. Stricker guilty of an attempt and therefore simple assault was the preferable lesser included. That's what led the court to choosing simple assault. That was also not error under these facts. Mr. Stricker's defense was that the victim was not credible, that the physical evidence showed no signs that she was assaulted. Yet there was clearly a skirmish of some sort. Other witnesses heard it, saw her run out. He admitted to offense. Counsel, let me make two things I'd like to review. On page 307, the court says, instruction eight, the court wants to talk about this. And then on page 308 to 309, Mr. Power says, I don't object to the instruction as drafted. However, we're objecting to any lesser included, but if the court is to give one, this is the one the defense thinks is appropriate. Now that tells me that the language was on the table, that both lawyers were looking at the language of the final proposed instruction eight. Am I wrong? I don't know if you were there, but that it seemed, okay. So the language, the language of, according to the transcript, unless there's some evidence to the contrary, that the language was before the lawyers and the government could see this potential problem. Your Honor, how I read the record is that the court first asked the parties whether a lesser included was appropriate, identified striking beating. Yeah, I've read all that. This is the end of the addendum passage. Right. And this is the statement by defense counsel that you say was a waiver. So, so that's the context there is when the court initially goes back to chambers to draft what the court had decided it was going to draft in front of the lawyers, which was a striking beating and wounding instruction, then comes back and says, you know, I've thought about it more. And because of the attempt here, I have, uh, uh, it's made the court think about this and I'm shifting it to simple assault, but it wasn't the document on the table. So both lawyers could see the potential problem that's now being argued for whatever that's worth. I mean, for whatever difference it makes strikes me, it's relevant. I'm not sure where, where I come out on it. I'm trying to get the facts straight from, from the transcript. Yeah. And Your Honor, I, I think I understand what you're asking. I wasn't in the room, so I can't, I don't want to leave the court astray on whether the document you interpret, you affirmatively interpreted this to the contrary. What seems to me is contrary to the plain language of the transcript. I'm just seeking clarification or whatever. Well, I, I think when the, the, the, with all due respect, I think when the transcript is read, um, it is complicated because there's this back and forth. Uh, but I believe, uh, that. Let me, let me, let me go on just one more. Can you, can you, do you deny that the, that the trial would have proceeded differently if the government had given the defense notice before trial of the lesser included offense? I do, Your Honor. The, you know, would have conceded the push in the face and opening statement. If simple assault was, was being defended. Well, we've touched on this already, but the model instructions for 113 AA defines the term assault. And I'm past that question of prejudice, right? This may be, this may be, I don't think I don't like structural error. That's what's argued, but our prejudice is argued in the alternative. And it seems to me that's a powerful argument. Here's where I'm going with that. Your Honor, clearly counsel for both the government and the defense looks to those published model instructions at the outset of a case to discern what the elements are. Uh, the model instruction for 113 AA, uh, defines assault. Wait, wait, wait, the defense, the defense is an all or nothing defense. And the all is only strangulation. Right. So the, so the defense strategy is if I can convince the jury that this was a, this was a brouhaha, but it wasn't strangulation, my client wins. And then the government accepts the district court's invitation to include a charge that it obviously thought of and rejected when it brought the indictment. But in terms of whether defense counsel had notice of how assault would be defined for the purposes of this statute, which is the question on the table, uh, the model instruction, which I think all counsel looks at, at the outset. No, but element three trumps element one for the, in instruction six. I'm not sure. There's gotta be strangulation. Well, no, a push in the face is not strangulation, but it can be simple assault. And it can be an attempt, uh, as well. Um, I'm, I'm, I'm well past my time. Well, and this leads me to why should the government be given a second crack at this when it made the conscious decision not to, not to plead, not to charge a misdemeanor alternative. Well, go for the, go for the jugular. If I can respond, you'd ask the remedy question to opposing counsel. I think the case law is that, uh, a reversal based on a constructive amendment does not bar retrial. That's USB McDill, uh, citing a 10th circuit case, USB far, um, here. I don't believe the government invited this. Uh, uh, if, if the court is inclined to decide against the government here, the government certainly didn't invite, uh, the issue. Um, and we had a district court simply following the model jury instructions, uh, in terms of picking the, uh, appropriate rest of the case. Thank you. Is there rebuttal time? It looks like not. I think, I think we understand the issue, counsel. Um, it's, it's unusual, interesting, and well briefed and argued. We'll take it under advisement. Thank you.